UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KHAIRULLOZHON MATANOV<br>*Defendant* | DOCKET NO.: 14CR10159 |

### AFFIDAVIT OF PAUL M. GLICKMAN IN SUPPORT OF
### MOTION TO APPOINT CO-COUNSEL

I, Paul M. Glickman, affirm under the pains and penalties of perjury that:

1. In or around late April 2013, Khairullozhon Matanov retained my law firm, Glickman Turley LLP, to represent him in connection with a pending FBI investigation.

2. During the course of representation, I and associate attorney Stephanie Marzouk met with Mr. Matanov and spoke with him by telephone numerous times to discuss requests from the United States Attorney's Office and FBI. These requests resulted in scheduling proffer sessions with the U.S. Attorney's Office and FBI agents.

3. I also conveyed to Mr. Matanov the government's requests that he drive his taxi cab in a certain manner, that he refrain from entering Boston during the 2013 July 4th holiday period, and that he refrain from entering Boston during the 2014 marathon weekend.

4. Mr. Matanov readily agreed to comply with each and every request from the United States Attorney's Office and voluntarily appeared with me as his counsel for proffer sessions on May 3, 2013, May 31, 2013 and July 8, 2013.

1

5. During May 2013, Mr. Matanov told me that he was aware of being under close surveillance by the FBI. At some later point, Mr. Matanov told me he believed that the FBI was no longer following him. I observed no indications that Mr. Matanov altered his behavior or made plans to flee after he thought the surveillance had ended, despite the threat of possible federal indictment.

6. Instead, Mr. Matanov informed me that he had applied to study at a local community college and was continuing his employment as a taxi cab driver.

7. Mr. Matanov complied with every request for appearance by the United States Attorney's Office and was cooperative with the federal investigation.

8. Mr. Matanov was only 22 years old when he retained my firm. I believe that Mr. Matanov, who had received asylum status in the United States due to the threat of persecution in his home country of Kyrgystan, was very frightened by the investigation and very concerned about his well-being. Because of his fears, compounded by the threat of having to return to his home country, Mr. Matanov was especially motivated to cooperate with the investigation and any requests from the government.

9. I advised Mr. Matanov about the possible immigration consequences of a criminal charge and about whether the investigation or prosecution could affect his ability to become a citizen of the United States. He is very concerned about the potential impact of this prosecution on his immigration status and strongly desires to be able to remain in the United States.

10. During the course of representation, Mr. Matanov maintained regular contact with me and relied upon my advice and direction. Due to our attorney-client relationship, which

lasted for nearly one year, Mr. Matanov came to trust me. I learned a great deal about his life through representing Mr. Matanov at his proffer sessions.

11. Mr. Matanov is currently held in solitary confinement at Plymouth County Correctional Center, which I have been told has taken a serious toll on his physical and mental well-being.

12. Attorney Ed Hayden, his CJA appointed counsel has explained to me that Mr. Matanov's ability to respond lucidly to questions has deteriorated because of his solitary confinement. Mr. Matanov more frequently requests that Attorney Hayden work to have me join Attorney Hayden in his representation.

13. Because Mr. Matanov is a very scared young man, thousands of miles away from his family members and facing serious criminal charges that may result in his exclusion from the United States, I believe that the trusting attorney-client relationship I have built with Mr. Matanov is critical to an adequate defense of this case.

14. Attorney Hayden has discussed the possibility of my appointment with Mr. Matanov. Attorney Hayden has repeatedly told me that Mr. Matanov wishes to have our law firm join in representing him. From my review of the Indictment, I believe that Mr. Matanov has strong legal and factual defenses to the charges under the First Amendment (Count One) and materiality (Counts Two and Three and Four). Attorney Hayden has also informed me that Mr. Matanov supports the Motion for Appointment as Co- Counsel.

15. I believe that the facts set forth in this affidavit meet the requirements for appointment of counsel outside of the CJA list as set forth in Section V(B) of the CJA Plan. (I am a longstanding member of the 1st Circuit Court of Appeals CJA panel.) My past representation of Mr. Matanov in connection with the grand jury investigation, his trust

3

and reliance upon my counsel, my knowledge of the immigration consequences that this case could have upon his status as a legal permanent resident and asylee support my appointment in the interests of justice, judicial economy and continuity of representation.

/s/ Paul M. Glickman
_____
Paul M. Glickman
Dated: July 16, 2014

4