UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

KHAIRULLOZHON MATANOV,
Defendant

Crim. No. 14-CR-10159-WGY

### GOVERNMENT'S TENTATIVE SENTENCING GUIDELINE CALCULATIONS

In response to the Court's Order of July 22, 2014, the United States submits these tentative sentencing guideline calculations, none of which suggest that detaining Mr. Matanov until a trial commencing on June 8, 2015, would result in his imprisonment longer than the terms provided by the Constitution, by statute, or by the sentencing guidelines:

The sentencing guideline applicable to all counts is U.S.S.G. § 2J1.2 (Obstruction of Justice).[1]

**I.     Applying the Enhancement in U.S.S.G. § 3A1.4 for Terrorism-Related Cases**

Because the facts support application of the enhancement in U.S.S.G. § 3A1.4 (Terrorism), the guidelines would be tentatively calculated as follows:

---

[1] U.S.S.G. App. A (indexing 18 U.S.C. § 1519 to U.S.S.G. § 2J1.2 and 18 U.S.C. § 1001 to U.S.S.G. § 2J1.2 when the eight-year statutory maximum applies).

**Count 1: 18 U.S.C. § 1519**

| | | |
|---|---|---|
| **§ 2J1.2(a)** | Base offense level | +14 |
| **§ 2J1.2(b)(2)** | Offense resulted in substantial interference with the administration of justice[2] | +3 |
| **§ 2J1.2(b)(3)** | Offense (A) "involved the destruction, alteration, or fabrication of a substantial number of records, documents, or tangible objects; (B) involved the selection of any essential or especially probative record, document or tangible object, to destroy or alter; or (C) was otherwise extensive in scope, planning, or preparation" | +2 |
| **§ 3A1.4(a)** | Offense involved a federal crime of terrorism: increase by 12, but if the resulting offense level is less than 32, increase to level 32 | +13 |
| **Count 1** | **Total** | **32**[3] |

---

[2] See the definition of "substantial interference with the administration of justice" in U.S.S.G. § 2J1.2 comment. (n.1).

[3] Section 2J1.2(c)(1) does not compel a different result. That section provides that "[i]f the offense involved obstructing the investigation or prosecution of a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater than that determined above." Here, the offense involved obstructing the investigation of the Boston Marathon bombings, which was a criminal offense. Under § 2X3.1, the resulting offense level would be "6 levels lower than the offense level for the underlying offense." § 2X3.1(a)(1). The offense level for the underlying offense is 43. See U.S.S.G. § 2M6.1(c)(1) (Unlawful Activity Involving . . . Weapons of Mass Destruction) (cross-referencing to U.S.S.G. § 2A1.1 (First Degree Murder) if the offense resulted in death and death was caused intentionally or knowingly); U.S.S.G. § 2A1.1(a)(1) (setting base offense level to 43). Applying U.S.S.G. § 2X3.1(a)(1), the resulting offense level would be 43 levels minus 6 levels, or offense level 37. But U.S.S.G. § 2X3.1(a)(3)(A) caps the offense level at 30, and therefore the offense level under U.S.S.G. § 2J1.2(c)(1) would be 30. Because U.S.S.G. § 2J1.2(c)(1)'s offense level of 30 is *lower* than the offense level otherwise calculated under U.S.S.G. § 2J1.2, it does not apply. *See* U.S.S.G. § 2J1.2(c)(1) (restricting its application to situations in which "the resulting offense level is greater than that determined above").

**Counts 2-4: 18 U.S.C. § 1001(a)(2)**

| | | |
|---|---|---|
| § 2J1.2(a) | Base offense level | +14 |
| § 2J1.2(b)(1)(C) | Convicted under 18 U.S.C. § 1001 or § 1505 and the statutory maximum of eight years applies because the matter relates to international or domestic terrorism | +0[4] |
| § 2J1.2(b)(2) | Offense resulted in substantial interference with the administration of justice[5] | +3 |
| § 3A1.4(a) | Offense involved a federal crime of terrorism: increase by 12, but if the resulting offense level is less than 32, increase to 32 | +15 |
| **Counts 2-4** | **Total** | **32**[6] |

All of the counts group together.[7] Although Mr. Matanov initially qualifies for Criminal History Category I because he has no priors, his Criminal History Category is adjusted upward to Category VI by operation of U.S.S.G. § 3A1.4(b) ("In such case [in which the terrorism adjustment applies], the defendant's criminal history category from Chapter Four (Criminal History and Criminal Livelihood) shall be Category VI.").

Without a plea and acceptance of responsibility, Mr. Matanov would have offense level 32 and Criminal History Category VI, which yields a range of **210-262 months**.

---

[4] U.S.S.G. § 2J1.2(b)(1)(C)'s 12-level increase does not apply when U.S.S.G. § 3A1.4 (Terrorism) applies. *See* U.S.S.G. § 2J1.2 comment. (n.2(B)).

[5] See the definition of "substantial interference with the administration of justice" in U.S.S.G. § 2J1.2 comment. (n.1).

[6] *See supra* note 3.

[7] *See* U.S.S.G. § 3D1.2(b) (Groups of Closely Related Counts) (mandating that counts be grouped together "[w]hen counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan").

3

With a plea and acceptance of responsibility, Mr. Matanov would have offense level 29 and Criminal History Category VI, which yields a range of **151-188 months**.

## II. Not Applying Any Terrorism-Related Enhancements, Such as U.S.S.G. §§ 2J1.2(b)(1)(C), U.S.S.G. § 2J1.2.(c)(1), or U.S. 3A1.4

If the Court concluded that the terrorism-related enhancements in U.S.S.G. §§ 2J1.2(b)(1)(C), U.S.S.G. § 2J1.2.(c)(1), and U.S.S.G. § 3A1.4 *do not* apply, the guidelines would be tentatively calculated as follows:

### Count 1: 18 U.S.C. § 1519

| | | |
|---|---|---|
| § 2J1.2(a) | Base offense level | +14 |
| § 2J1.2(b)(2) | Offense resulted in substantial interference with the administration of justice | +3 |
| § 2J1.2(b)(3) | Offense (A) "involved the destruction, alteration, or fabrication of a substantial number of records, documents, or tangible objects; (B) involved the selection of any essential or especially probative record, document or tangible object, to destroy or alter; or (C) was otherwise extensive in scope, planning, or preparation" | +2 |
| **Count 1** | **Total** | **19** |

### Counts 2-4: 18 U.S.C. § 1001(a)(2)

| | | |
|---|---|---|
| § 2J1.2(a) | Base offense level | +14 |
| § 2J1.2(b)(1)(C) | Convicted under 18 U.S.C. § 1001 or § 1505 and the statutory maximum of eight years applies because the matter relates to international or domestic terrorism | +0 |
| § 2J1.2(b)(2) | Offense resulted in substantial interference with the administration of justice | +3 |
| **Counts 2-4** | **Total** | **17** |

All of the counts group together and therefore the resulting offense level would be the highest offense level applicable to any count in the group,[8] which is 19.

Without a plea and acceptance of responsibility, Mr. Matanov would have offense level 19 and Criminal History Category I, which yields a range of **30-37 months**.

With a plea and acceptance of responsibility, Mr. Matanov would have offense level 16 and Criminal History Category I, which yields a range of **21-27 months**.

### III.     Other Sentencing Guideline Possibilities Not Calculated

There are other sentencing guideline possibilities.  For example, the Court might decide that the terrorism-related enhancement in U.S.S.G. § 3A1.4 did not apply but the terrorism-related enhancement in U.S.S.G. §§ 2J1.2(b)(1)(C) did.

The United States has not calculated these possibilities because they would likely fall within the endpoints of the ranges set forth above.

### IV.     Conclusion

If Mr. Matanov remains detained until a trial commencing on June 8, 2015, his period of detention will not exceed either the statutory maximum terms of imprisonment for any single count, which range from 8 to 20 years, or the sentencing guideline ranges calculated by the United States.[9]

---

[8] *See* U.S.S.G. § 3D1.3 (Offense Level Applicable to Each Group of Closely Related Counts).

[9] Although the First Circuit has held that the maximum constitutional sentence is that specified in the statute of conviction rather than the top of the sentencing guideline range, and that the guideline range must be calculated by facts decided by the Court by a preponderance of the evidence rather than by a jury beyond a reasonable doubt — *see, e.g., United States v. Doe,* 741 F.3d 217, 234 (1st Cir. 2013) (holding, post-*Alleyne vs. United States,* — U.S. —, 133 S. Ct. 2151 (2013), that "it remains within the sentencing court's discretion to judicially find facts

   Respectfully submitted,

   CARMEN M. ORTIZ
   United States Attorney
   District of Massachusetts

By: */s Scott L. Garland*
   Scott L. Garland
   Aloke S. Chakravarty
   Assistant U.S. Attorneys

### CERTIFICATE OF SERVICE

 I hereby certify that this document is being filed through the ECF system will be sent electronically to the registered participants as identified on the notice of electronic filing.

          */s Scott L. Garland*
          Scott L. Garland
Date: July 30, 2014      Assistant United States Attorney

---

informing the sentence actually imposed, provided that any such fact does not trigger a mandatory minimum punishment or alter a statutory maximum, and that the ultimate sentence remains within the range of penalties set forth in the statute of conviction," and that "[i]n such a situation, *Alleyne* does not apply, and the sentencing court may continue to find facts based upon a preponderance of the evidence"); *United States v. Yeje-Cabrera,* 430 F.3d 1, 17 (1st Cir. 2005) (rejecting argument that the statutory maximum for a criminal offense is the high end of the sentencing guideline range rather than the maximum penalty provided for in the statute of conviction); *Yeje-Cabrera*, 430 F.3d at 17-18, 23 (reaffirming court's duty to determine sentencing guideline factors and to do so by a preponderance-of-the-evidence standard); — and the Court's order says the contrary, the Court need not decide these questions at this time.

 Of course, the United States concedes that concerning Counts Two through Four's allegations under 18 U.S.C. § 1001(a)(2) of false statements, the jury will have to decide whether "the offense involves international or domestic terrorism (as defined in section 2331)," which will determine whether those counts' statutory maximum terms of imprisonment increase from five to eight years. 18 U.S.C. § 1001(a).