6 November 2014

Honorable William G. Young
U.S. District Court, District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Dear Judge Young,

I am writing to you regarding Khairullozhon Matanov, who is currently housed at the Plymouth County Correctional Facility while awaiting trial.

Last week, a letter from Mr. Matanov to an unknown party was released on social media in which he described a savage beating he sustained from corrections officers at PCCF. During the course of the beating, racial/religious slurs were shouted at Matanov and the "visit" of corrections officers was accompanied by the playing of the U.S. national anthem . This action was apparently in response to Matanov "flooding" his cell and refusing to "cuff out".

I received a letter on Tuesday, Nov. 4th from Mr. Matanov with whom I have been corresponding since June of this year. In the letter, he thanked me for books I had sent but related that he is unable to read them as his vision is impaired from an injury sustained in the earlier beating and that when he tries to read "after 30 seconds my head goes crazy". I am concerned that he may have sustained a detached retina or other injury that may not be easily discerned in a prison infirmary. Also, Mr. Matanov stated in his letter that when he "went for doctor's treatment even nurses were bullying, they don't like Muslim people". I remain concerned that he is not receiving adequate medical care for his injuries, which may or may not be obviously visible (i.e. internal injuries, head injury, eye injury). And that he is suffering adverse treatment because of his religion.

He also reported in his letter to me that the guards continue to harass him, that he does not feel safe in PCCF and that he has "a huge fear for his life". Visits from the corrections officer(s) to him are always accompanied by the playing of the US national anthem, he notes.

While I recognize that flooding his cell was a violation of prison rules and has consequences, I cannot condone the actions of the correctional facility staff. Harassing or taunting someone to the point that they "act out" – and since Mr. Matanov is held in solitary confinement, one of the only ways that he may act out is by flooding his cell – then entering his cell en masse in full riot gear, spraying him with pepper spray, kicking and beating him once he falls to the ground all while playing the national anthem (what is that about??) and shouting at him that he is a "Muslim Terrorist" seems a clear violation of his civil rights not to mention basic human decency. I am sure that you are aware that Mr. Matanov has not been convicted of any crime, but at this point is being held as a suspect only. Such behavior toward him is beyond the pale.

Shouting "Muslim Terrorist" at Mr. Matanov is akin to shouting the "n word" at an African American. What other slurs are the C.O.s at PCCF shouting at people in their facility? This behavior is outrageous. Clearly at the minimum, the staff needs training in the Constitutional Rights of detainees and inmates. And perhaps assault charges filed against those who inflicted the beating. I fear that the investigation into this assault will be akin to that of the FBI "investigating" themselves and always exonerating themselves of any wrongdoing. I hope that I am wrong concerning the investigation at PCCF.

I am unclear as to why Mr. Matanov cannot be released and placed under "house arrest" similar to what Robel Phillopos has been under both before his trial and now after his conviction while he awaits sentencing. I ask that you consider this alternative to Mr. Matanov's incarceration at PCCF. The prosecution argument that Mr. Matanov is a flight risk is specious. If he were to wear a monitoring device and surrender his passport, how would it be possible for him to flee? The charges against Mr. Matanov are similar to those against Mr. Phillopos. Is there now a separate set of rules for those who happen to be Muslim?

If however, you feel that Mr. Matanov cannot be released under house arrest (and there ARE people who have volunteered to house him), then it is imperative for his safety that he be transferred to another facility. I request that you facilitate such a move. Perhaps the Essex County facility where Kadyrbayev and Tazhayakov have been held - without adverse circumstances like those suffered by Matanov at PCCF?

I fail to understand why it is necessary that Mr Matanov be held in solitary confinement. Kadyrbayev and Tazhayakov were allowed to share a cell prior to trial. Mr. Matanov's former attorney has confirmed that he has suffered adversely in solitary confinement, to the point that his lucidity has been impaired. It is documented that solitary confinement leads to mental and physical breakdowns which is why the majority of the world's developed nations ban solitary confinement over 30 days and view it as a form of torture. Originally, solitary for Mr. Matanov was posited as being "for his own safety". Well, we have seen how well that has worked out for him at PCCF. Please consider an alternative to solitary for Mr. Matanov if it is decided that he must remain in custody.

Mr. Matanov also wrote in his letter to me that he had "fired his lawyer", a fact which has been confirmed by Mr. Hayden's filing today of a motion to remove himself from the case. If this is allowed, I am concerned that Mr. Matanov be appointed a new public defender.

I feel obliged to say that I agree with the The Boston Globe opinion piece which stated that the charges against Mr. Matanov exhibit "prosecutorial overreach", a charge that has been seconded by many attorneys in Massachusetts. In my opinion, trials such as this and that of Robel Phillopos are a waste of taxpayer money and government resources which could be put to better use elsewhere. Misdemeanor charges might have been more appropriate. Their actions did not materially impact the investigation of the bombings at the Boston Marathon. These young men appear to be the victims of

guilt by association, of being friends with one or the other of the Tsarnaev brothers who themselves have yet to be proven guilty in a court of law.

Nonetheless, Mr. Matanov is due to stand trial. Until that time, he should not be in fear for his safety or his life no matter whether he is in custody or not. He was cooperative with authorities in the year following the bombings and prior to his arrest and has not been convicted of anything at this point, nor does he have a prior record. Neither he nor anyone else deserves to be verbally or physically abused, particularly because of their race, religion or ethnicity. This is a core tenet of the U.S.: fair treatment for all under the law. I am asking that you do all in your power to ensure that this is the case with Mr. Matanov.

Thank you for your consideration.

Respectfully,

*Susan E. Borts*

Susan E. Borts
5435 S.W. Dover Loop
Portland, Oregon 97225