UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION |
| V. ) | NO. 14-10159 |
| ) | |
| KHAIRULLOZHON MATANOV ) | |

**STIPULATED PROTECTIVE ORDER**

1. Pursuant to Federal Rule of Criminal Procedure 16(d), the parties hereby stipulate that good cause exists for the following protective order.

2. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case, including materials made available only for inspection (collectively, "the materials"), are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, without prior notice to the government and further order of this Court.

3. Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons engaged to assist in the defense (defined as person assisting the defense who are included within the attorney-client or work product privilege, regardless of whether they receive any remuneration), persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom

the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior notice to the government and permission of the Court.

4. Certain additional materials disclosed or to be disclosed by the government may contain particularly sensitive information, including medical information, mental health information, financial information, and non-classified information relating to public safety or national security (collectively, "sensitive materials"). These sensitive materials shall be plainly marked as sensitive by the government. They and their contents may be disclosed only to the defendant, counsel for the defendant, persons engaged to assist the defense, and any person to whom the sensitive information pertains, except with prior notice to the government and authorization from the Court. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal.

5. Copies and reproductions of the materials shall be treated in the same manner as the original materials.

6. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

7. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order. In addition, defense counsel shall maintain a list of all persons to whom materials are disclosed.

8. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

9. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

10. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that sensitive materials shall be filed under seal absent prior permission from this Court.

11. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

SO STIPULATED:

CARMEN M. ORTIZ
United States Attorney

By: /s/ Scott L. Garland                    Date: 11/25/2014
    Scott Garland
    Aloke Chakravarty
    Assistant U.S. Attorneys


    /s/Paul M. Glickman                     Date: 11/25/2014
    Paul M. Glickman
    Counsel for Defendant Khairullozhon Matanov

## CERTIFICATE OF SERVICE

I, Kristine M. Grimes, hereby certify that on November 25, 2014, I electronically filed the foregoing using the CM/ECF system, which will send this document to all attorneys of record, and paper copies will be sent to those indicated as non-registered participants on November 25, 2014.

    /s/ Kristine M. Grimes
    Kristine M. Grimes, Paralegal